PER CURIAM.
Appellant seeks review of a final judgment entered pursuant to a jury verdict by *383 which her medical malpractice claim was denied. She argues that the trial court erred in denying her motion to add expert witnesses. We find the trial court properly denied the motion, which was filed more than two months after the court’s deadline for submission of witness lists. We therefore affirm.
The appellant Parker, represented by the firm of Hunter & Smith, P.A., filed suit against appellee in June 1984, alleging battery, failure to diagnose a medical condition, and radical and unnecessary surgery in connection with an April 1983 hysterectomy which appellee performed upon appellant, then pregnant, in the course of authorized exploratory surgery but without prior written or oral consent to the hysterectomy. In August 1984, before filing any response to appellee’s interrogatories, appellant’s counsel filed notice that the case was at issue. Appellee objected and the court set an April 1985 pretrial conference date. Hunter & Smith then associated another firm for trial of the case. In March 1985, the associated counsel filed a witness list, stating that appellant’s witnesses would be those persons already deposed and those listed by appellee, and a motion to continue the pretrial conference, which the court granted. In May 1985, the associated counsel filed a motion to withdraw, alleging conflict. The court granted the motion. In August 1985, the court set a pretrial conference for February 1986, and directed the parties to furnish witness lists no later than 90 days before the February conference. The deadline accordingly for furnishing the list was November 20, 1985. In January 1986, Hunter & Smith associated a second firm for trial. Prior to that action, however, Hunter & Smith allowed the November 20, 1985, deadline to pass without submission of a witness list. They then filed a second motion to continue the pretrial conference. The court granted the motion on condition that Parker request the continuance personally in writing, and noted that, as the only witness list Hunter & Smith had so far filed was a statement that appellee’s witnesses would be appellant’s witnesses, appellant would be forbidden to call any witness at trial not listed on appellee’s witness list or whose deposition had not already been taken, except for good cause.
In January 1986, the attorneys last associated by Hunter & Smith filed a motion to add experts. The trial court denied the motion, finding that appellee would be unduly prejudiced by the addition of the eight experts. The court found appellant’s asserted grounds for good cause, the importance of the witnesses to appellant’s case and appellant Parker’s lack of fault, to be neither material nor relevant. Hunter & Smith then sought common law certiorari here. This court denied the petition without opinion, and the associated counsel withdrew from the case consequent on that action.
In July 1986, Hunter & Smith represented appellant in the trial of the case, without the requested expert witnesses. The jury returned a verdict for appellee, and final judgment was entered accordingly. After trial, appellee filed a motion to tax costs and attorney’s fees in the amount of $24,-888. No disposition of that motion is shown in the record.
On September 3, 1986, appellant’s counsel filed a notice of appeal. On November 20, 1986, appellee moved to dismiss the appeal on grounds that the deadline for filing the initial brief had passed. Following this court’s order to show cause why the appeal should not be dismissed, Hunter & Smith filed a motion for extension of time to file the brief. This court extended the time to serve the initial brief to December 15, 1986. On December 12, 1986, appellant’s counsel again moved for extension of time, alleging that the trial transcript was being “prepared at the instructions of the attorney ... on an emergency basis.” Appellee filed a second motion to dismiss. In response to the court’s order to show cause why the appeal should not be dismissed, Hunter & Smith alleged that appellant was without funds to finance the appeal, but that “arrangements have been made so that the transcript of the trial has been ordered and paid for.... ” This court denied appellee’s motion, and extended the time for service of the initial brief to Feb *384 ruary 23, 1987. Appellant’s counsel filed the brief within that time period, but did not file the trial transcript. Arguments raised in the brief consisted of a verbatim recitation of appellant’s prior petition for certiorari and two other issues unresolvable in the absence of the trial transcript. An affidavit signed February 24, 1987, by the court reporter, included with appellee’s brief, stated that Hunter & Smith had never requested preparation of the trial transcript.
Even in the context of the foregoing chronology, we believe that the circumstances present no alternative to our af-firmance of the judgment.
BOOTH, WENTWORTH and THOMPSON, JJ., concur.